IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENISE A. BLEAU,

      Plaintiff,

vs.                                                                                     Civ. No. 19-300 KK

ANDREW M. SAUL,
Commissioner of the Social Security
Administration,

      Defendant.

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on Plaintiff Denise Bleau's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support (Doc. 26), filed June 2, 2020 ("Motion"). At the time of filing, Plaintiff indicated that Defendant opposed the Motion. (Doc. 26 at 2.) However, Defendant failed to file a response, and in the absence of an agreed upon extension, the time for doing so has long since passed. D.N.M. LR-7.4(a). On October 22, 2020, Plaintiff filed a Notice of Completion of Briefing indicating that Defendant's counsel informed Plaintiff's counsel "that the Commissioner did not plan to file a response." (Doc. 28 at 1.) Thus, pursuant to District of New Mexico Local Rule 7.1(b) the Commissioner has now consented to the motion being granted. D.N.M. LR 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court, having considered the now unopposed Motion, the record, the relevant law, and being otherwise fully advised, FINDS that Plaintiff's motion is well-taken and will be GRANTED.

The Equal Access to Justice Act ("EAJA") provides that a fee award is required if (1) plaintiff is a "prevailing party"; (2) the "position" of the United States was not "substantially justified"; and, (3) there are no special circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *See Hackett*, 475 F.3d at 1174. However, the fee award should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility of fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *Hensley*, 461 U.S. at 433.

In the underlying case, the Court meticulously reviewed the entire record and relevant law, considered each parties' respective arguments, and found the Commissioner committed legal error in failing to consider additional evidence and thus remanded for further proceedings by the agency. (Doc. 34 at 8-11). With this result, Ms. Bleau is the prevailing party for purposes of EAJA. *Hackett*, 475 F.3d at 1168 ("[P]laintiff obtained a district court remand to the Commissioner of Social Security…and she is therefore a prevailing party for purposes of EAJA.").

The Commissioner bears the burden of proving his position was substantially justified. *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). However, having failed to provide a response in opposition to Plaintiff's motion, the

Commissioner has provided no arguments on this factor, and therefore, the Court deems it waived. *See* D.N.M. LR-7.1(b); s*ee also Greer v. Saul*, USDC Civ. No. 18-224 KK (Doc. 32 at 4) (D.N.M. September 30, 2019) ("By omitting any argument or analysis on [issues related to substantial justification], the Commissioner has failed to meet his burden of proving that his position was substantially justified."). In the absence of a showing by the Commissioner, and in light of the Court's remand order, the Court does not find that the Commissioner's position in this litigation was substantially justified.

In her Motion, Plaintiff seeks an award of EAJA attorney fees in the amount of $6,416.50. (Doc. 26 at 1.) Plaintiff's counsel provides that she spent 31.3 hours of professional services in pursuit of Plaintiff's case before this Court, resulting in an hourly rate of $205.00. (Doc. 26 at 2, 26-1.) The proposed hourly rate of $205 is reasonable and in line with comparable fees for work performed in this district.[1] Similarly, the number of hours worked in furtherance of Plaintiff's case—31.3 hours—is reasonable and in line with comparable hours worked on similar cases in this district.[2] Having found no reason that the fee award would be unjust, *see* 28 U.S.C. § 2412(d)(1)(A), and given the reasonableness of the amount sought, the Court grants Plaintiff's requested attorney fee award pursuant to EAJA.

---

[1] *See, e.g., Perea v. Saul*, USDC Civ. No. 17-573 KK (Doc. 34 at 4) (D.N.M. July 21, 2020) (awarding $279.88 per hour); *Martinez v. Saul*, USDC Civ. No. 16-1273 KK (Doc. 31 at 4) (D.N.M. June 30, 2020) (awarding $268.82 per hour); *Hays v. Social Security Administrative*, USDC Civ. No. 17-700 JCH/KK (Doc. 38 at 4) (D.N.M. July 24, 2019) (reducing plaintiff counsel's time expenditure and approving his fee "application for 40 hours at the rate of $201.00 per hour ($8,040.00)—representing the high end of a typical EAJA fee application in social security cases.").

[2] *See, e.g., Muller v. Colvin*, USDC Civ. No. 14-953 SMV (Doc. 29 at 3) (D.N.M. Jan. 27, 2016) (finding 41.15 hours of work reasonable); *Wellman v. Colvin*, USDC Civ. No. 13-1122 KBM (Doc. 25 at 2) (D.N.M. June 15, 2015) (finding that "recovery for 35 hours of attorney time represents reasonable compensation"); *see also Farden v. Berryhill*, No. 15-CV-00726-LF, 2017 WL 4536077, at *4 (D.N.M. Oct. 10, 2017) ("Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours.") (unpublished).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion, (Doc. 26), is **GRANTED**, and Plaintiff is awarded $6,416.50 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 590-92 (2010) (holding that Section 2412(d) directs courts to award fees and other expenses to the prevailing party, and not to the prevailing party's attorney). If Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE